**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3153
_____

UNITED STATES OF AMERICA

v.

JUSTIN McCONNELL,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-20-cr-00132-001)
District Judge: Honorable J. Nicholas Ranjan
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 23, 2023

Before: KRAUSE, FREEMAN, and MONTGOMERY-REEVES, *Circuit Judges*

(Filed:  November 9, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

KRAUSE, *Circuit Judge*.

Justin McConnell was convicted of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, he argues that the District Court erred in denying his motion to suppress evidence obtained from a search of his home. Discerning no error, we will affirm.

## I.  DISCUSSION[1]

While McConnell was on parole for a prior state sex offense involving a minor, a team of parole agents conducted a warrantless search of his home after one of the agents reported seeing McConnell with a child. During that search, the agents recovered a firearm and ammunition. McConnell now challenges the District Court's order denying his motion to suppress that evidence.[2] First, McConnell argues that the search violated his Fourth Amendment rights because it was not supported by a reasonable suspicion of wrongdoing. In the alternative, he argues that the search was unjustified because there was no nexus between the agents' suspicion of wrongdoing and his home. Neither argument is persuasive.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

[2] McConnell reserved his right to appeal the District Court's order by tendering a conditional guilty plea pursuant to Federal Rule of Criminal Procedure 11(a)(2). We review the District Court's denial of McConnell's motion to suppress for clear error as to the Court's factual findings, and we exercise plenary review over the application of the law to those facts. *United States v. Golson*, 743 F.3d 44, 55 (3d Cir. 2014) (citations omitted).

### A. Reasonable Suspicion

McConnell first claims that the agents' search was not supported by reasonable suspicion[3] because it was based on a report that the District Court found to be "implausible" at the suppression hearing. Opening Br. at 20. But the District Court did not discredit that report in all respects. While it found certain allegations in the report "implausible," the Court credited the reporting agent's claim that he "saw a child near Mr. McConnell in the store," whom the agent believed was "with" McConnell. *United States v. McConnell*, No. 20-cr-132, 2022 WL 1124822, at *3 & n.5 (W.D. Pa. Apr. 15, 2022). In denying McConnell's motion for reconsideration, the Court clarified that the reporting agent's credible observation "was that the child was with Mr. McConnell in a purposeful manner." *United States v. McConnell*, No. 20-cr-132, 2022 WL 3293556, at *2 n.3 (W.D. Pa. Aug. 11, 2022).

These findings are sufficient to establish a reasonable suspicion of wrongdoing because purposeful contact with a minor, standing alone, would violate the conditions of McConnell's parole, which prohibited him from having "any contact" with a minor, including "nonverbal communication." App. 141. So even when stripped to the portions the District Court found credible, the parole agent's report still created a reasonable suspicion of wrongdoing. That is true even if the agent was ultimately mistaken about the

---

[3] For a parolee like McConnell who has consented to searches of his home as a condition of his parole, "no more than reasonable suspicion" is required to justify a search. *United States v. Williams*, 417 F.3d 373, 376 (3d Cir. 2005) (quoting *United States v. Knights*, 534 U.S. 112, 121 (2001)).

relationship between McConnell and the child who appeared to be with him, because reasonable suspicion does not require that an agent "be factually accurate in [his] belief that a . . . law had been violated." *United States v. Delfin-Colina*, 464 F.3d 392, 398 (3d Cir. 2006). Instead, the agent "need only produce facts establishing that [he] reasonably believed that a violation had taken place." *Id.* That burden is satisfied here by the reporting agent's observations of McConnell near the child and his reasonable belief, as a result, that McConnell had violated his parole conditions.

## B. Nexus to the Home

McConnell next argues that, even if there was reasonable suspicion, there was no nexus between that suspicion and his home. But we have observed that "direct evidence linking the place to be searched to the crime is not required" even in the more demanding context of probable cause. *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001) (alteration omitted) (quoting *United States v. Conley*, 4 F.3d 1200, 1207 (3d Cir. 1993)). Instead, courts are "entitled to draw reasonable inferences about where evidence is likely to be kept[.]" *Id.* (quoting *United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000)). And courts "may give considerable weight to the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found." *Whitner*, 219 F.3d at 296 (quoting *United States v. Caicedo*, 85 F.3d 1184, 1192 (6th Cir. 1996)).

Here, the parole agents who searched McConnell's home were experienced law enforcement officers who testified that, in their professional experience, evidence such as children's clothing, toys, games, books, dolls, and stuffed animals could be found in the home of a person suspected of having purposeful contact with a child. The District Court

4

was entitled to rely on that professional experience to conclude that a search of McConnell's home was supported by reasonable suspicion. *See Hodge*, 246 F.3d at 307 (relying on the belief of an experienced police officer that the suspect's home would contain evidence related to drug activities); *Whitner*, 219 F.3d at 297–99 (same).

## II. CONCLUSION

For the foregoing reasons, we will affirm McConnell's judgment of sentence.